**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

ROY WINDOM,                      :

        Plaintiff          :   CIV. ACTION NO. 3:25-CV-139

        v.                 :      (JUDGE MANNION)

DR. RAJINDER MALHI, *et al.*,    :

        Defendants         :

## <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983 in which plaintiff alleges that defendants provided him inadequate medical care following an incident in which he fell from an upper bunk bed and sustained injuries. The case is before the court on defendants' motions to dismiss and several other motions. For the reasons that follow, this case will be dismissed.

## I.   BACKGROUND

Plaintiff, Roy Windom, filed this case on January 22, 2025. (Doc. 1). On February 6, 2025, the court directed the Clerk of Court to serve defendants with plaintiff's complaint. (Doc. 7). Defendants responded to the complaint by moving for a stay pursuant to 11 U.S.C. §362 based on an ongoing bankruptcy proceeding filed by Wellpath Holdings, Inc.

("Wellpath"), and its affiliated companies in the United States Bankruptcy Court for the Southern District of Texas ("the bankruptcy court"). (Doc. 11). The court granted the motion and stayed and administratively closed the case on March 14, 2025. (Doc. 14). On May 30, 2025, defendants provided a status report to this court in which they represent that the automatic stay no longer applies to this case in light of a May 1, 2025, order from the bankruptcy court approving Wellpath's Chapter 11 plan of reorganization. *See* (Doc. 15); *see also In re Wellpath Holdings, Inc.*, No. 24-90533, Doc. 2596 (Bankr. S.D. Tex. May 1, 2025). The court accordingly lifted the stay and reopened the case on June 26, 2025. (Doc. 16).

On July 30, 2025, defendants Malhi, Edwards, Talasky, and Nalley ("Wellpath Defendants") moved to dismiss the complaint for failure to state a claim upon which relief could be granted. (Doc. 17). In response, Windom moved for leave to amend the complaint. (Doc. 19).

On October 31, 2025, Windom moved for sanctions against defendant McCorkle and his counsel for his failure to respond to Windom's complaint. (Doc. 29). Windom subsequently moved for contempt of court against McCorkle and his counsel on December 30, 2025. (Doc. 34). McCorkle responded to this second motion by moving to dismiss the case for failure to state a claim upon which relief could be granted on January

14, 2026. (Doc. 38). Windom then withdrew his claims against McCorkle and consented to his dismissal on February 11, 2026. (Doc. 42).

Meanwhile, on December 30, 2025, the Wellpath Defendants moved to dismiss the case as barred by the bankruptcy court's discharge order because they were all acting in their capacity as Wellpath employees when they took the actions that give rise to Windom's claims. (Doc. 32). Windom opposed this motion to dismiss on January 14, 2026. (Doc. 37). Windom does not dispute the Wellpath Defendants' contention that his claims are barred by the terms of the Bankruptcy Court's discharge order, but argues that the motion to dismiss should be denied because the Wellpath Defendants did not give him sufficient notice of the bankruptcy court's order. (*Id.*) On February 17, 2026, Windom filed a motion to stay disposition of this motion to dismiss, noting that he has sought relief in the bankruptcy court based on the purported lack of notice and asking that the court delay resolving the Wellpath Defendants' motion to dismiss until the bankruptcy court has ruled on this issue. The court resolves all of the pending motions in the instant opinion.

## II.    DISCUSSION

At the outset, because Windom has conceded that McCorkle should be dismissed, the court will grant McCorkle's motion to dismiss and deny as moot Windom's motion for sanctions and motion for contempt of court.

The court will additionally grant the Wellpath Defendants' motion to dismiss. The reorganization plan approved by the bankruptcy court clearly requires the claims against the Wellpath Defendants to be dismissed in this court. (*See* Doc. 33-2 at 130-37). Windom does not dispute this conclusion. (*See* Doc. 37).

Windom's sole argument in opposition to the motion to dismiss is that he was not given adequate notice of the reorganization plan by the Wellpath Defendants. This argument must be asserted in the bankruptcy court. (*See* Doc. 33-2 at 54 ("[T]he Bankruptcy Court retains jurisdiction over all matters arising out of, or relating to, the Chapter 11 cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code in accordance with the Plan, including Article XII."); *Guggenheimer v. Wellpath, LLC*, No. 3:24-CV-2242, 2025 WL 3008148, at *4 (M.D. Pa. Oct. 27, 2025) (finding that this provision of the plan requires plaintiffs asserting lack of notice to pursue that argument in the bankruptcy court). If the bankruptcy court subsequently finds that this case is properly reopened

based on a lack of notice of the bankruptcy discharge, plaintiff may assert this as the basis for a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59 or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. Accordingly, the claims against the Wellpath Defendants will be dismissed without prejudice to Windom's right to seek appropriate relief in the bankruptcy court. The Wellpath Defendants' motion to dismiss for failure to state a claim, Windom's motion for leave to file an amended complaint, and Windom's motion to stay will be denied as moot.

## III.  CONCLUSION

For the foregoing reasons, defendant McCorkle's motion to dismiss and the Wellpath Defendants' motion to dismiss based on the bankruptcy discharge will be granted, all other pending motions will be denied as moot, and this case will be dismissed without prejudice to Windom's right to seek

appropriate relief in the bankruptcy court with regard to his claims against

the Wellpath Defendants.

MALACHY E. MANNION
United States District Judge

**DATED:** 2/25/26

25-139-01